**In the Matter of BEVERAGE TRANS-PORT, INC., Bankrupt.**

Donald SUNSHINE, Trustee of Lewis G. Johnson, Inc., Plaintiff,

v.

James B. DOYLE, Trustee of Beverage Transport, Inc., Defendant.

Bankruptcy No. BK–73–1717.

United States Bankruptcy Court, W. D. New York.

Feb. 1, 1980.

Smith, Sovik, Kendrick, McAuliffe & Schwarzer by Laurence Sovik, Syracuse, N. Y., for plaintiff.

Kaufman, Kenning, Tile & D'Amanda by Charles B. Kenning, Rochester, N. Y., for defendant.

Burns, Suter & Doyle by James B. Doyle, Rochester, N. Y., Trustee, for bankrupt.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is an objection to the claim of the Trustee of one bankrupt company by the Trustee of another. The first hearings in this matter were on December 4, 1975. The last hearing was November 9, 1979. Over this period of time, there has been four or five days of hearings with regard to the amount of this claim, and at least one Appeal of an interim Order of this Court, which went to the Second Circuit.

The facts are as follows. Both of the corporations involved became part of a conglomerate which two gentlemen from New York City tried to put together. Beverage Transport, Inc., known hereafter as "Beverage", the case before this Court, was originally filed as a Chapter 11 in New York City. It was removed in 1973 and moved to this Court. The other corporation started its career in bankruptcy as a Chapter 11 in New York City and is still before the Court there. During 1973, 1974 and 1975 while the corporations were operating under Chapter 11, they were operated by the owners until shortly before the time of their adjudication. Each of the corporations' offices were controlled by the same people and for a time operated from the same site. Separate books and accounts were kept for the corporation because of ICC regulations.

The Trustee, Doyle, commenced a twofold objection to the claim of the Trustee, Sunshine. The basis of the first objection was that since the operation was allegedly illegal under ICC Regulation, the claim of the Trustee of Lewis G. Johnson, Inc., hereafter referred to as "Johnson", should be dismissed in the Beverage case. The second attack was on the dollar value of Sunshine's claim on behalf of Johnson and an attempt to show charges by Beverage against Johnson by way of setoff.

The first issue raised by Trustee, Doyle, on behalf of Beverage with regard to illegality was decided by my Order of September 27, 1977. In that case, I said, "Failure to obtain the approval may be enjoined by the Interstate Commerce Commission or the District Court and may be punished by the District Court by imprisonment or fines but no where in the Title do I find that it makes a contract between two carriers in violation of the provisions of Section 5 of Title 49 U.S.C. invalid or unenforceable . . . " Therefore, the defense of illegality making the contract unenforceable was dismissed. An Appeal was taken to the District Court and my Order was affirmed by Judge Harold P. Burke on June 6, 1978. An Appeal was filed from Judge Burke's decision by Beverage and Trustee, Doyle. This Appeal was dismissed by Order of the Second Circuit on November 30, 1978 for failure to file briefs and appendices.

With regard to the proof of services performed by the claimant, Johnson, for Beverage, Sunshine on behalf of Johnson proved total claims in the amount of $110,444.47 of which $1320.07 were general claims incurred prior to the filing of the petition in Bankruptcy and $109,124.40 were for services performed during the Chapter 11. Doyle on behalf of Beverage showed setoffs of $16,229.23 and supported them by copies of actual invoices which totaled $15,924.88. The difference being accounted for by one missing invoice. There was additional testimony, by the president of Beverage and a Mr. Patterson, an accountant, hired by the Court of a $1000 loan by Beverage to Johnson. This claim and other claims which were attempted to be proved by Doyle and Beverage were not substantiated.

Basically, Johnson has attacked the admissibility of the books and the documentation presented by the accountant, Patterson, on behalf of Beverage. The attack has been two-fold. First, that Patter-

son was not the custodian or other qualified witness. But during part of this time Patterson was the accountant appointed by the Court for Beverage. He only stopped his activities due to lack of payment during the Chapter 11. Subsequently, he was rehired from time to time to do accounting work on behalf of Beverage. The summaries in the general ledgers were prepared in his own handwriting. His connection with the case is sufficient to make him a qualified witness and to give a certain trustworthiness to his testimony.* The second attack on the admissibility of the books are that they are summaries but this is true of every accounting ledger. The ones being accepted by the Court are those that are documented by invoices. Rule 1006 of the Federal Rules of Evidence permits the contents of a voluminous writing to be presented in the form of a summary as long as the original, or duplicate, is made available for examination. The Court may also order that the original or duplicate be produced in court. In this case, the accounting ledger summarizes numerous invoices. Copies of the invoices were produced in court and were available for examination. This, I think, satisfies Rule 1006. See 5 *Weinstein's Evidence* ¶ 1006[01]–[06] (1979); *Macri & Sons v. U. S.*, 313 F.2d 119 (9th Cir. 1963).

█ Therefore, it is the decision of this Court that the Johnson claim be allowed as a general claim in the amount of $1320.07 and as an administrative claim in the amount of $93,199.52. This represents the amount of the administrative claim proved less the amount shown by the defendant as an offset. It is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.

---

* Commentators have stated that "the phrase 'other qualified witness' should be given the broadest interpretation . . . [t]hus, a certified public accountant could testify [on a] point after examining the books and records." 4 *Weinstein's Evidence* ¶ 803(6)[02] (1979).